JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Following a jury trial, the Hamilton County Court of Common Pleas found defendant-appellant Norman White guilty of involuntary manslaughter and imposed the maximum prison sentence of five years.[1] White now appeals the imposition of the maximum sentence. For the following reasons, we affirm.
In his single assignment of error, White argues that the trial court erred in imposing the maximum sentence for involuntary manslaughter. Specifically, he maintains that the court's finding that he had committed the worst from of the offense is not supported in the record. We are unpersuaded.
White was convicted of shaking his one-year-old foster daughter to death. White admitted to "whacking" her several times, violently shaking her for over a minute, and then dropping her five feet into her crib in an effort to stop her from crying. Photographs in the record indicate that there was bruising and scratches on the baby's face and bloodstains on the crib sheets. Dr. Robert Pfalzraf, the chief deputy coroner in Hamilton County, testified that the baby died from brain swelling. Dr. Robert Shapiro also examined the baby and testified that she had been shaken violently, which caused a scrambling of the brain.
The trial court stated on the record that this was the worst form of the offense because the victim was a baby and because White had shaken her so violently that her brain was scrambled. White argues that this was not the worst form of the offense because he confessed to the crime and sought help for his foster daughter.
When determining whether an offender has committed the worst form of the offense, the trial court must examine the totality of the circumstances.[2] Although White eventually admitted that he had shaken the baby and dropped her in the crib, he initially lied to the investigating police officer, indicating that he had no idea how the baby had hurt herself, and then changed his story to state that the baby had fallen off the couch onto carpet. After he was confronted with the knowledge that the baby's injuries could not have resulted from a fall from the couch, he admitted that he had shaken the baby. Moreover, it appears from the record that White waited several hours before taking the baby to Children's Hospital even though he had noticed that she was not breathing normally. From the totality of the circumstances, we cannot say that the record does not support a finding that this was the worst form of the offense.
Here, a thirty-seven-year-old man, charged with the welfare of a baby, hit her several times, shook her violently for over a minute, scrambling her brain, and then dropped her into a crib in an effort to stop her from crying. Based on these facts, we hold that there is clear and convincing evidence in the record that White committed the worst form of the offense. Accordingly, we overrule White's single assignment of error.
Because the trial court made the statutorily required findings and gave reasons for those findings on the record prior to imposing the maximum sentence, we affirm the judgment of the trial court.[3]
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] White was also convicted of assault and sentenced to a six-month prison term that was made concurrent with his prison term for involuntary manslaughter.
[2] See State v. Garrard (1997), 124 Ohio App.3d 718, 722,707 N.E.2d 546.
[3] See R.C. 2929.14(C); State v. Edmondson,86 Ohio St.3d 324, 328-229, 1999-Ohio-110, 715 N.E.2d 131; State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, paragraph two of the syllabus.